IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| Rodney McGruder,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Online Information Services, Inc., d/b/a Online Collections<br><br>　　　　Defendants. | Case No.:  3:15-cv-83-TCB-RGV<br><br>**COMPLAINT**<br>**WITH JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff, Rodney McGruder, is natural person who resides in Coweta County, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant, Online Information Services, Inc., d/b/a Online Collections (hereinafter "Online") is a North Carolina corporation doing business in Georgia.

4. Defendant is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.,  jurisdiction of this Court

arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. On or about February 11, 2015 Plaintiff obtained a copy of his credit report as published by Experian Information Solutions, Inc. (hereinafter referred to as "Experian"). Experian is a credit reporting agency.

8. After identifying an account being collected by the Defendant, Plaintiff caused a letter to be sent directly to the Defendant disputing the particular debt. A copy is attached hereto as Exhibit A

9. On or about Mach 12, 2015 plaintiff caused to be sent to Experian a letter disputing a number of accounts including that being collected by the Defendant. The Plaintiff specifically disputed the debt being collected by the Defendant and requested to be removed from this credit report.

10. Upon information and belief Experian notified Defendant of the disputed debt as required by law.

11. On or about April 7, 2015 Plaintiff received a "re-investigation report" from Experian responding to the dispute he filed which contained the response of the Defendant. A true and correct copy of the applicable portion of this report is attached hereto as Exhibit B.

12. Defendant had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information.

13. Defendant had an affirmative duty under 15 USC section 1681s-2(a)(3) to notify the credit reporting agency, in this case Experian, that Plaintiff disputed the debt it was reporting.

14. Defendant did not report to Experian that the debt it was collecting was disputed by the Plaintiff.

15. Defendant's failures to conduct a reasonable investigation of Plaintiff's dispute and to comply with the reporting requirement to maintain maximum accuracy of the Plaintiff's credit report has resulted in false and misleading information being published with regard to this account.

16. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

17. Defendant's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)

19. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

20. Defendant willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, and/or by failing to appropriately report the results

of its investigation, and/or by failing to appropriately modify, delete, and/or block the information.

21. As a result of Defendant's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

22. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

23. Plaintiff is entitled to recover costs and attorney's fees from defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)

24. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

25. Defendant's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

26. As a result of defendant's violations of the FDCPA, Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

27. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against Experian pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against Experian pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 12 day of May, 2015.

                                                  */s/ Matthew T. Berry*
                                                  Plaintiff's Attorney
                                                  Matthew T. Berry, Bar No.: 055663
                                                  Berry & Associates
                                                  2751 Buford Highway, Suite 400
                                                  Atlanta, GA 30324
                                                  Ph. (404) 235-3334
                                                  Fax (404) 235-3333
                                                  matt@mattberry.com